IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES C. CURRY,

    Petitioner,

v.     CASE NO. 1:08-cv-12-MMP-AK

JAMES R. MCDONOUGH,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by James C. Curry. Petitioner has paid the filing fee. According to the face of the petition, Petitioner pled nolo contendere to robbery with a firearm and attempted second degree murder and was sentenced to seventeen years imprisonment on April 25, 1988. On June 9, 2006, he filed a Rule 3.850 motion for post-conviction relief. The motion was denied as untimely and procedurally barred and was affirmed on appeal.

Indisputably, Petitioner's conviction therefore became final before the April 24, 1996, enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

For convictions which became final before that date, the one-year period for filing habeas corpus petitions begins to run from the date of enactment of the AEDPA. *Wilcox v. Florida*

*Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  Petitioner therefore had one year from that date to file his petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2244(d)(1)(A).  The instant petition was not filed until January, 2008, over ten years out of time.

The Court has examined the other potential bases for starting the one-year filing period on a later date:  the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).  In view of the allegations of the petition, however, none of these are applicable and have not been argued.  Furthermore, although the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling.  *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

## **CONCLUSION**

For the reasons discussed *supra*, the undersigned finds that the instant petition was untimely filed.  It is therefore respectfully **RECOMMENDED** that Petitioner's Petition for Writ

of Habeas Corpus under 28 U.S.C. § 2254, Document 1, be **DENIED**, and this cause be

**DISMISSED WITH PREJUDICE**.

    **IN CHAMBERS** at Gainesville, Florida, this *22nd* day of January, 2008.


        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

    **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**